UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:16-CR-81-BR

UNITED STATES OF AMERICA

v.                                                          ORDER

WESLEY JERMAINE OWENS

This matter is before the court on defendant's letter filed 1 August 2017. (DE # 31.) In the letter, defendant requests that the court amend his sentence to give him credit on his sentence from the time of his arrest for violation of his supervised release, 16 November 2015 (Case No. 5:06-CR-26-BR). To the extent this letter could be deemed a motion, the court will deny it without prejudice.

The court cannot amend defendant's sentence to give him the relief he seeks. Rather, the Bureau of Prisons ("BOP") is responsible for calculating any custody credit on a defendant's sentence. See Morris v. Masters, No. 1:14-CV-26283, 2017 WL 2540595, at *2 (S.D.W. Va. May 17, 2017) (report and recommendation) ("[T]he BOP is charged with calculating and administering the offender's sentence, including the application of prior custody credit . . . ." (citing United States v. Wilson, 503 U.S. 329, 334-335 (1992); 18 U.S.C. § 3621(a))), adopted, 2017 WL 2531578, at *1 (S.D.W. Va. June 9, 2017). As such, to the extent defendant contends that BOP has not properly credited his sentence, he must seek relief by petition under 28 U.S.C. § 2241. See United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) ("A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 . . . ." (citation omitted)). The

court notes that generally before filing such a petition, the petitioner must exhaust his administrative remedies through the BOP.   See McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.   Failure to exhaust may only be excused upon a showing of cause and prejudice." (citations omitted)).   Also, the petition must be filed in the district in which the petitioner is in custody.   Miller, 871 F.2d at 490.

Because defendant is incarcerated in the District of South Carolina, the motion is DENIED WITHOUT PREJUDICE to defendant filing a § 2241 petition in that district court.

This 17 January 2018.

_____
                     W. Earl Britt
                     Senior U.S. District Judge