IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CR-81-BR
No. 7:19-CV-218-BR

| | | |
|---|---|---|
| WESLEY JERMAINE OWENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for initial review of a 28 U.S.C. § 2255 motion, (DE # 33), pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b). Petitioner has also filed a petition for a writ of error coram nobis pursuant to 28 U.S.C. § 1651. (DE # 34.)

In 2006, petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), and 924 and the court sentenced him to 110 months imprisonment and three years supervised release. United States v. Owens, No. 5:06-CR-26-BR (E.D.N.C.) (DE # 24). Petitioner did not appeal. In 2014, he was released from imprisonment and began his term of supervised release. In 2015, United States Probation filed a motion for revocation of supervised release based on petitioner's engaging in criminal conduct. Id. (DE # 50). In February 2016, the court granted the motion and sentenced petitioner to 21 months imprisonment. Id. (DE # 62).

In October 2016, petitioner pled guilty to possession with intent to distribute marijuana in violation of 18 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). The court sentenced him to a total term of 64 months imprisonment, to run concurrently with any previously imposed state or federal sentence. Petitioner did not appeal.

In both his § 2255 motion and his petition for a writ of error coram nobis, petitioner appears to challenge his 2006 felon in possession of a firearm conviction and the sentence imposed in this case. Specifically, based on the decision in Rehaif v. United States, 139 S. Ct. 2191 (2019), he requests that the court vacate his felon in possession of a firearm conviction, and because this prior conviction impacted the guidelines range used to determine his current sentence, he should be resentenced. (See Mot., DE # 33, at 3, 4, 12; Mot., DE # 34, at 4-5, 9-10.)

In Rehaif, the Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. That decision does not impact petitioner's convictions in this case because petitioner was not convicted of violating § 922(g) and § 924(a)(2). Although petitioner was convicted of violating these statutes in his other case in 2006, for the reasons stated in a separate order filed in that case, that conviction remains. Therefore, petitioner is not entitled to be resentenced in this case.

Petitioner's § 2255 motion and his petition for a writ of error coram nobis are DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules

Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 5 December 2019.

_____
W. Earl Britt
Senior U.S. District Judge