IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:16-cr-00081-M

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WESLEY JERMAINE OWENS,

    Defendant.

ORDER

This matter comes before the court on the Defendant's Motion for Early Termination of Supervised Release [DE 49]. On October 31, 2016, Defendant pleaded guilty to possessing with intent to distribute a quantity of marijuana and possession of a firearm in furtherance of a drug trafficking crime. He was sentenced to a term of imprisonment of sixty-four months, followed by five years of supervised release. He began supervision on April 21, 2021.

Defendant moves this court to terminate his term of supervised release based on his full compliance with his supervision conditions and gainful employment as a truck driver. *See* DE 49. The United States and Defendant's supervising probation officer oppose early termination because Defendant has a prior kidnapping conviction and has otherwise failed to demonstrate exceptional circumstances warranting relief. *See* DE 51; DE 51-1.

Early termination of supervision is unwarranted at this time. Compliance with supervised release is commendable but nonetheless required as a matter of course. *See Folks v. United States,* 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010). Although Defendant has found gainful employment as a truck driver, Defendant does not suggest such employment is an "unforeseen[] or

extraordinary circumstance[] justifying early termination." *See* DE 282 at 2, *United States v. Wilkerson*, No. 5:96-cr-00167-M-1 (E.D.N.C. Nov. 29, 2022) (citing *Folks,* 733 F. Supp. 2d at 652). The court also notes that Defendant has a long criminal history that includes the aforementioned kidnapping conviction in 1998, where he assaulted and robbed a woman in her home at gunpoint, and several drug- and firearm-related convictions occurring in 1997, 2004, and 2006. DE 24 ¶¶ 13–23. He also committed the instant offense while on federal supervision for possessing a firearm as a convicted felon. *Id.* ¶ 23. These factors indicate that continued supervision remains an important and necessary part of his sentence.

In short, Defendant's five-year term of supervised release is sufficient, but not greater than necessary, to reflect the nature and circumstances of Defendant's offenses and the history and characteristics of Defendant, to afford adequate deterrence to criminal conduct, and to protect the public from any further crimes by Defendant. *See* 18 U.S.C. § 3553(a). Defendant has not demonstrated any new, unforeseen, or extraordinary reason for early termination. Defendant's Motion [DE 49] is DENIED.

SO ORDERED this 20th day of May, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE