IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:16-CR-00081-M

UNITED STATES OF AMERICA,

        Plaintiff,

v.

WESLEY JERMAINE OWENS,

        Defendant.

ORDER

This matter comes before the court on Defendant's Renewed Motion to Terminate Supervised Release. [DE 53]. After careful consideration, the motion is DENIED.

## I.     Background

On October 31, 2026, Defendant pled guilty pursuant to a written plea agreement to (1) possessing with the intent to distribute a quantity of marijuana; and (2) possessing a firearm in furtherance of a drug trafficking crime. [DE 20]. On February 3, 2017, Judge W. Earl Britt sentenced Defendant to a term of imprisonment of 64 months. [DE 29] at 2. The court directed that upon his release from imprisonment, he be placed on supervised release for a period of five years. *Id.* at 3. Defendant completed his term of imprisonment and was placed on supervision April 23, 2021. *See* [DE 53] at 1.

On April 26, 2024, Defendant moved to terminate his remaining term of supervised release based on his full compliance with drug testing conditions and his gainful employment as a truck driver. [DE 49]. The United States and Defendant's supervising probation officer opposed early termination, citing Defendant's prior kidnapping conviction and the general lack of exceptional

circumstances warranting relief. *See* [DE 51]; [DE 51-1]. On May 20, 2024, the court denied the motion. [DE 52].

On April 23, 2025, Defendant filed the present motion. [DE 53]. In it, he makes identical arguments to those previously rejected, adding, however, that he has recently been downgraded to low supervision status by his supervising probation officer. *See id.* Both the United States and the Probation Office object to the motion. *Id.*

## II.    Discussion

The court has the authority to terminate a term of supervised release after consideration of the factors set forth in 18 U.S.C. § 3553(a) and the expiration of one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The phrase 'the interest of justice' . . . give[s] the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999). Early termination has been found to be appropriate "when the defendant has exhibited exceptionally good behavior that makes the previously imposed term of supervised release either too harsh or inappropriately tailored to serve general punishment goals." *United States v. Brown*, No. 3:19-cr-265, 2024 WL 3997079, at *1 (W.D.N.C. Aug. 29, 2024) (quoting *Folks v. United States*, 733 F.Supp.2d 649, 651 (W.D.N.C. 2010) (internal citation omitted)).

After consideration of the relevant § 3553(a) factors, Defendant's conduct while on supervision, and the interests of justice, the court finds that termination of supervision is not warranted. The court has previously found that Defendant's compliance on supervision paired with his gainful employment do not constitute an "unforeseen or extraordinary circumstance justifying early termination." [DE 52] at 2 (quoting *United States v. Wilkerson*, No. 5:96-cr-

2

00167-M-1 (E.D.N.C. Nov. 29, 2022)). Defendant's recent adjustment to low supervision status does not change that. "[F]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release[.]" *Folks v. United States*, 733 F.Supp.2d 649, 652 (E.D.N.C. 2010). The court is pleased that Defendant has continued to perform well on supervision, but his reward was a low-supervision designation. Considering Defendant's extensive criminal history and the fact that the present offense was committed while Defendant was on supervised release, [DE24] at ¶ 7, 23, the court finds that his current five-year term is sufficient but not greater than necessary to comply with the goals of sentencing. *See* 18 U.S.C. § 3553(a).

For these reasons, Defendant's Renewed Motion to Terminate Supervised Release [DE 53] is DENIED.

SO ORDERED this ___2d___ day of June, 2025.

Richard E Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3